IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PAIRPREP, INC. D/B/A OPTICSML,<br><br>*Plaintiff*,<br><br>v.<br><br>ASCENSION DATA AND ANALYTICS, LLC, REIDPIN LLC, ROCKTOP PARTNERS LLC, URSUS HOLDINGS LLC,<br><br>*Defendants*. | CIVIL ACTION NO. 2:21-CV-00057-JRG |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Ascension Data & Analytics, LLC's ("Ascension") Opposed Motion to Lift Abatement and Motion for Leave to Allow Ascension Data & Analytics, LLC to Pursue Third-Party Complaint Against Sean M. Lanning and John Michael Brozena, III (the "Motion for Leave") (Dkt. No. 41) and Ascension's Opposed Motion to Compel Arbitration Against Sean M. Lanning and John Michael Brozena, III (the "Motion to Compel Arbitration") (Dkt. No. 43) (the Motion for Leave together with the Motion to Compel Arbitration, the "Motions"). Having considered the Motions, the subsequent briefing, and for the reasons set forth herein, the Motions are **DENIED**.

I.  **BACKGROUND**

Plaintiff Pairprep, Inc. d/b/a OpticsML ("Plaintiff" or "OpticsML") filed the above-captioned action on February 22, 2021 accusing Ascension of trade secret misappropriation, breach of contract, tortious interference, and fraud and misrepresentation, *inter alia*.[1] (Dkt. No.

---

[1] This Court again recognizes that OpticsML is the only named plaintiff in this litigation—Mr. Sean M. Lanning and Mr. John Michael Brozena, III, OpticsML's shareholders, are not plaintiffs in this action.

1). On March 26, 2021, Ascension filed a motion seeking to compel Plaintiff to arbitrate the claims in Plaintiff's complaint, among other relief. (Dkt. No. 8). On May 13, 2021, Plaintiff filed an amended complaint. (Dkt. No. 17). Ascension then filed its First Amended Motion to Compel Arbitration (the "Original Motion to Compel Arbitration"), which asked the Court to compel Plaintiff and its shareholders (Messrs. Lanning and Brozena) to participate in a pending AAA arbitration (the "Arbitration"). (Dkt. No. 26). The Court granted Ascension's motion with respect to Plaintiff but noted that Messrs. Lanning and Brozena were not parties to this action. (Dkt. No. 39 at 4, n.1). Although the Court did not expressly deny Ascension's Original Motion to Compel Arbitration with respect to Messrs. Lanning and Brozena, the Court's Memorandum Opinion and Order only addressed Plaintiff and Ascension in its analysis. (*See generally* Dkt. No. 39). Messrs. Lanning and Brozena were intentionally not included in the Court's Order because they were not properly before the Court as parties to this action. (*See* Dkt. No. 39 at 10; *id.* at 4, n.1). Ascension attempts to cure that critical deficiency with its Third-Party Complaint (Dkt. No. 42) (the "TPC"). In the TPC, Ascension puts forth claims of breach of contract, negligence, unjust enrichment and promissory estoppel, and conspiracy, *inter alia*. (Dkt. No. 42 ¶¶ 21–29). Ascension's TPC does not allege that Messrs. Lanning and Brozena are liable for the claims Plaintiff asserts against Ascension—but rather the TPC alleges harm ***to Ascension*** as a result of Messrs. Lanning and Brozena's conduct. (*Compare* Dkt. No. 42 ¶ 30 (seeking damages for alleged harm to Ascension) *with* Dkt. No. 17 at 24–33 (seeking damages for alleged harm to Plaintiff)). Now, Ascension seeks to lift the stay this Court put in place in September 2021 pending the Arbitration in order to file the TPC so that the Court can compel Messrs. Lanning and Brozena to participate in the Arbitration. (Dkt. Nos. 41–43). As explained below, the Court declines to do so.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 14(a) provides the basis for serving a third-party complaint: "[a] defending party may, as [a] third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." However, the Court has "wide discretion in determining whether to permit such third party procedure." *McDonald v. Union Carbide Corp.*, 734 F.2d 182, 184 (5th Cir. 1984). "A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party." *United Fire & Casualty Co. v. RB Signs, Inc.*, No. 6:19-cv-608, 2020 WL 10716885, at *1 (E.D. Tex. May 5, 2020). A transfer of liability is a critical characteristic of a third-party complaint:

> If the claim is separate or independent from the main action, impleader will be denied. The claim against the third-party defendant must be based upon plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough. In this connection, impleader under Rule 14(a) should not be confused with interpleader under Rule 22.

6 Charles Alan Wright et al., *Federal Practice & Procedure* § 1446 (3d ed. 2011).

## III. DISCUSSION

Ascension states that the Arbitration Panel determined that "it does not have authority to determine arbitrability over non-signatories," and that such is an issue for the trial court. (Dkt. No. 41 at 2). In apparent recognition that Messrs. Lanning and Brozena are not properly before this Court, Ascension seeks leave to lift the stay, file the TPC against Messrs. Lanning and Brozena, and compel them to arbitration. (*Id.*).

Plaintiff argues that the claims Ascension seeks to bring under the TPC "are independent claims that do not depend on the outcome of the main claims, which are the only ones before this Court: the claims that [Plaintiff] brought against [Ascension]." (Dkt. No. 48 at 1). Therefore,

3

Plaintiff argues, Messrs. Lanning and Brozena "would not be secondarily liable to the defending party." (*Id.*). Plaintiff also notes that, in addition to the foregoing, the TPC would be subject to dismissal for lack of personal jurisdiction and failure to state a claim. (*Id.* at 3). Plaintiff also argues that the Messrs. Lanning and Brozena cannot be compelled to arbitrate because they are not signatories to the agreements giving rise to the arbitration obligation. (*Id.*).

In June 2021, Ascension came to the Court asking that the Court dismiss the instant case and send the case to arbitration. (Dkt. No. 26). The Court, however, chose to stay the case pending arbitration in the event Plaintiff prevailed at the Arbitration and wanted to pursue equitable relief. (Dkt. No. 39 at 9). Despite seeking a dismissal of this case, Ascension has returned to ask the Court to compel non-parties to arbitration—something the Court declined to do in its earlier Memorandum Opinion and Order and something it again declines to do. Ascension, in essence, asks this Court to be a quasi-appellate body over the Arbitration—only returning after it receives a decision against it in Arbitration.[2] Based on the above recitation of the facts and applicable law, the Court has serious doubts about the sufficiency of Ascension's TPC—namely, that the TPC asserts independent causes of action against the third-parties rather than pursues a transfer of liability as contemplated by Rule 14.[3] But the Court need not reach the merits of that issue. The Court stayed this case so that the parties (Plaintiff and Ascension) could arbitrate their dispute.

---

[2] The Court did not leave this case open to retain jurisdiction over the parties' arbitrable dispute. The Court simply viewed it as a matter of efficiency to stay the case, rather than close it, in the event Plaintiff prevailed and sought injunctive relief. In such an instance, a stay would promote efficiency as Plaintiff would not have to file a new complaint and summons to attain such relief. Ascension's present efforts to take advantage of that narrow rationale are improper. Ascension, of course, remains unencumbered to sue additional parties in an appropriate forum and move to compel arbitration in that forum, but the Court finds it inappropriate for Ascension to approach this Court asking it to compel non-parties to arbitration in a case that has been sent to arbitration and otherwise stayed for nine months. To remove the now apparent temptation to treat this Court as a quasi-appellate body for the Arbitration, the Court will administratively close the case as set forth herein.

[3] It is difficult for the Court to imagine how Plaintiff's shareholders (Messrs. Lanning and Brozena) could be secondarily liable to Ascension for the claims Plaintiff has brought against Ascension in this case. The TPC is silent on this—instead it simply offers independent claims against Messrs. Lanning and Brozena. Such are insufficient to warrant the relief Ascension seeks.

There is nothing in the record to suggest that the Arbitration has concluded or that the Arbitration Panel has decided that the parties' dispute is not arbitrable.  Accordingly, the Court declines to lift the stay in this case as the Arbitration is apparently still active.  *See In re Ramu*, 903 F.2d 312, 318 (5th Cir.1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation."); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936) (noting that a court has "inherent" power to stay proceedings)

### IV.    CONCLUSION AND ORDER

For the reasons set forth above, Ascension's Motion for Leave is **DENIED**.  Accordingly, it is **ORDERED** that Ascension's TPC (Dkt. No. 42) is to be **STRICKEN** and the Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case.  The Clerk is further directed to reject all future filings in this case with the exception of the written Notice filed within 72 hours from completion of the arbitration process or when it is otherwise brought to a close as outlined in the Court's September 10, 2021 Memorandum Opinion and Order (Dkt. No. 39).  Further, Ascension's Motion to Compel Arbitration is **DENIED** because Messrs. Lanning and Brozena are not parties to this case and did not individually sign the agreements giving rise to arbitration.

**So ORDERED and SIGNED this 14th day of June, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE